UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: MCNEIL CONSUMER HEALTHCARE,
ET AL., MARKETING AND SALES PRACTICES
LITIGATION                                                                                           MDL No.  2190


TRANSFER ORDER


**Before the entire Panel**[*]: Plaintiffs have filed two motions for centralization, pursuant to 28 U.S.C. § 1407, of a total of eight actions, as listed on Schedule A.  Plaintiffs in six Northern District of Illinois actions seek centralization in the Eastern District of Pennsylvania.[1]  Plaintiff in the Central District of California action seeks centralization in the Central District of California.  Defendants McNeil Consumer Healthcare (McNeil) and Johnson & Johnson support centralization in the Eastern District of Pennsylvania, as does plaintiff in the Eastern District of Pennsylvania action.

Plaintiffs' motions encompass six actions pending in the Northern District of Illinois, and an action each pending in the Central District of California and the Eastern District of Pennsylvania.

On the basis of the papers filed and hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from the voluntary recall of certain over-the-counter medicines[2] for children and infants that were manufactured at McNeil's Fort Washington, Pennsylvania, facility, as detailed in a May 2010 report issued by the Food and Drug Administration (FDA). Plaintiffs allege, *inter alia*, that the conditions observed by the FDA ultimately resulted in improper dosages of the subject products being administered to children. Plaintiffs further contend that they were induced to pay millions of dollars for the defective medicines when safer and cheaper alternatives were otherwise available.  Centralization under Section 1407 will

---

[*] Judge Heyburn did not participate in the decision of this matter.

[1] Plaintiffs initially sought centralization in the Northern District of Illinois but later changed their preferred transferee forum to the Eastern District of Pennsylvania.

[2] Tylenol Infant Drops, Children's Tylenol Suspensions, Children's Tylenol Plus Suspensions, Motrin Infants' Drops, Children's Motrin Suspensions, Children's Motrin Cold Suspensions, Children's Zyrtec and Children's Benadryl.

- 2 -

eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Eastern District of Pennsylvania, where the first-filed action is pending, stands out as the most appropriate transferee forum.  This district enjoys the support of nearly all of the parties to this litigation.  Relevant documents and witnesses are likely found in or near this district, inasmuch as Johnson & Johnson is headquartered in New Jersey and the McNeil facility at issue is located in Fort Washington, Pennsylvania.  Plaintiff in the California action asserts that, because McNeil's Fort Washington facility was recently overhauled, the Eastern District of Pennsylvania is no longer a significant discovery source.  While the extent of discovery found in this district may have indeed changed, this district remains a more significant discovery source than the other proffered transferee district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Mary A. McLaughlin for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

**IN RE: MCNEIL CONSUMER HEALTHCARE,
ET AL., MARKETING AND SALES PRACTICES
LITIGATION**                                                                 MDL No.  2190

## SCHEDULE A

      <u>Central District of California</u>

Dana Rivera v. Johnson & Johnson, et al., C.A. No. 2:10-5216

      <u>Northern District of Illinois</u>

John Smith v. McNeil Consumer Healthcare, et al., C.A. No. 1:10-3198
Wayne Burrell v. McNeil Consumer Healthcare, et al., C.A. No. 1:10-4252
Jennifer DeGroot v. McNeil Consumer Healthcare, et al., C.A. No. 1:10-4253
Justin Michaud v. McNeil Consumer Healthcare, et al., C.A. No. 1:10-4254
Landy Nguyen v. McNeil Consumer Healthcare, et al., C.A. No. 1:10-4255
Emile Roberson, et al. v. McNeil Consumer Healthcare, et al., C.A. No. 1:10-4256

      <u>Eastern District of Pennsylvania</u>

Barbara Haviland, et al. v. McNeil Consumer Healthcare, et al., C.A. No. 2:10-2195